FILED
JUN 05 2023 ᴊᴄ
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:23-cr-00344
Judge John J. Tharp, Jr
Magistrate Judge M. David Weisman

June 5, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. |
| v. ) | |
| ) | Violation: Title 18, United States |
| DAJUAN MARTIN and ) | Code, Section 1343 |
| NED BROOKS ) | |

## COUNTS ONE – TWELVE

The SPECIAL MAY 2022 GRAND JURY charges:

1. At times material to this indictment:

   a. Southwest was a major United States international passenger airline based in Dallas, Texas, employing over 50,000 people. Southwest flew to over 120 destinations in the United States, including Midway Airport in Chicago.

   b. Defendant DAJUAN MARTIN was a customer service agent employed at Southwest between approximately November 2018 and June 2022. MARTIN worked out of Midway Airport.

   c. Southwest operated a program wherein it issued vouchers to customers who had had an unfavorable travel experience. These vouchers, which were known within the company as "Southwest Luv Vouchers," or more commonly, "SLVs," were intended to compensate the customer for their unfavorable experience.

   d. Southwest customer service agents had authority to issue SLVs to customers at the airport. At the time a customer service agent issued an SLV to a Southwest customer, the agent was required to enter into Southwest's computer

1

system a code explaining the reason that the voucher was issued. The voucher codes were material to Southwest because, among other reasons, Southwest relied on the codes during internal audits to ensure that agents were issuing SLVs appropriately.

  e. When a customer service agent at Midway Airport logged into the Southwest computer system and generated an SLV, a wire communication was transmitted with Southwest computer servers located in the airline's headquarters in Dallas, Texas.

  2. Beginning no later than in or around February 2022 and continuing until in or around June 2022, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAJUAN MARTIN and
NED BROOKS,

defendants herein, together with Individual A and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property from, Southwest Airlines by means of materially false and fraudulent pretenses, representations, and promises as further described below.

  3. It was part of the scheme that BROOKS, Individual A, and other co-schemers sent defendant MARTIN text messages requesting SLVs, knowing that BROOKS, Individual A, and other co-schemers were not entitled to receive SLVs based on a travel-related inconvenience.

2

4. It was further part of the scheme that MARTIN logged into the Southwest Airlines computer system at Midway Airport and, without the knowledge or approval of Southwest, created and caused to be created fraudulent SLVs. MARTIN used fictitious customer names to generate the fraudulent SLVs intended for BROOKS, Individual A, and other co-schemers. During the course of the scheme, MARTIN generated as least $1,875,900 of fraudulent SLVs.

5. It was further part of the scheme that MARTIN sold and gave BROOKS, Individual A, and other co-schemers fraudulent SLVs.

6. It was further part of the scheme that MARTIN received U.S. currency from BROOKS, Individual A, and others in exchange for fraudulent SLVs sold to BROOKS, Individual A, and others at below their market value.

7. It was further part of the scheme that MARTIN, BROOKS, Individual A, and others used the fraudulently obtained SLVs and the proceeds from the sale of the fraudulently obtained SLVs for their own personal use and benefit.

8. It was further part of the scheme that MARTIN and BROOKS misrepresented, concealed, hid, and caused to be misrepresented, concealed, and hidden, the purposes of the scheme and acts done in furtherance of the scheme.

9. On or about the dates set forth below as to each defendant, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAJUAN MARTIN and
NED BROOKS,

defendants herein, for the purpose of executing the scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, interstate wire communications at Midway Airport that were processed by computer servers located outside Illinois, more specifically described below, each wire transfer representing a single Count of this Indictment:

| Count: | Defendants | Date of Wire Transfer: | Voucher number: | Voucher Value: |
|---|---|---|---|---|
| 1 | DAJUAN MARTIN and NED BROOKS | 3/31/2022 | 9182 4702 0256 5764 | $200.00 |
| 2 | DAJUAN MARTIN and NED BROOKS | 4/4/2022 | 9182 4702 0328 7228 | $200.00 |
| 3 | DAJUAN MARTIN and NED BROOKS | 4/5/2022 | 9182 4702 0367 0043 | $200.00 |
| 4 | DAJUAN MARTIN and NED BROOKS | 4/11/2022 | 9182 4702 0465 0903 | $200.00 |
| 5 | DAJUAN MARTIN | 5/31/2022 | 9182 4702 0887 7643 | $500.00 |
| 6 | DAJUAN MARTIN | 6/8/2022 | 9182 4702 0952 4665 | $300.00 |
| 7 | DAJUAN MARTIN | 6/9/2022 | 9182 4702 0961 2692 | $500.00 |

| 8 | DAJUAN MARTIN | 6/14/2022 | 9182 4702 1018 6934 | $300.00 |
| 9 | DAJUAN MARTIN | 5/10/2022 | 9182 4702 0713 2750 | $300.00 |
| 10 | DAJUAN MARTIN | 5/11/2022 | 9182 4702 0723 5801 | $400.00 |
| 11 | DAJUAN MARTIN | 5/14/2022 | 9182 4702 0742 6715 | $400.00 |
| 12 | DAJUAN MARTIN | 5/16/2022 | 9182 4702 0756 7096 | $400.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The SPECIAL MAY 2022 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this indictment, defendants shall forfeit to the United States of America any property constituting and derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982.

2. The property to be forfeited includes, but is not limited to:

    a. a personal money judgment for MARTIN in the amount of $1,875,900;

    b. a personal money judgment for BROOKS in the amount of $732,000;

    c. $26,887 in U.S. currency;

    d. a 2021 Land Rover Range Rover Velar, VIN SALYT2EX4MA302993.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the

United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY