UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> DAJUAN MARTIN ) <br> ) | No. 23 CR 344-01 <br><br> Hon. John J. Tharp, Jr. |

**GOVERNMENT'S SENTENCING MEMORANDUM**

As the trusted employee for a major international airline for over four years, defendant Dajuan Martin earned a stable annual income, yet his greed and frivolous spending habits allured him to embezzle over two million dollars in a span of just a few months. PSR ¶¶ 10, 15, 19, 104. Martin took advantage of his position as a customer service agent, breached the airline's trust, and used the names of innocent travelers on the vouchers, all to avoid detection and line his pocket with ill-gotten gains. PSR ¶¶ 10-11, 36.

While the government recognizes Martin's prompt acceptance of responsibility, Martin engaged in blatantly fraudulent conduct for several months amassing a staggering two-million-dollar loss to Southwest Airlines. His conduct merits substantial punishment from this Court, both to punish Martin and to deter other would-be white-collar defendants.

The defendant initially disagreed with the loss amount, but the government's understanding, after consulting with defense counsel, is that the defendant is now

1

withdrawing his objection to the government's loss calculation, therefore the government no longer reserves its position on acceptance of responsibility. The government agrees with the Probation Department that Martin's advisory Guidelines sentencing range is 57 to 71 months' imprisonment. PSR ¶ 122. The government believes that a careful consideration of the aggravating and mitigating factors justifies a sentence of imprisonment at the low-end of the guidelines range.

I.     **Background**

The facts and procedural history of the case are set forth in the government's version of the offense which is hereby incorporated by reference. In brief, Martin embezzled an unknown amount, but conservatively estimated at over $2,150,000 from his employer from February 2022 to June 2022, when an audit revealed the fraud. On July 9, 2024, Martin pled guilty, pursuant to a written plea agreement, to a single count in the indictment charging him with wire fraud in violation of 18 U.S.C. § 1343. Dkt. 47. In his plea, Martin agreed that he knew that Southwest operated a program wherein it issued vouchers, called "Southwest Luv Vouchers," or more commonly, "SLVs, to customers who had had an unfavorable travel experience. Martin admitted that he had the authority to issue SLVs to customers and did so by entering a code into Southwest's computer system explaining the reason that the voucher was issued. *Id.* at 3-4. Martin obtained thousands of fraudulent vouchers in this manner using the names of real and fictious customers and sold these vouchers

to others, knowing they were not entitled to the SLVs, for his own personal profit. *Id*. In total, Martin caused a loss of at least $1,875,900 to Southwest airlines.

## II. The Probation Officer's Offense Level Calculation.

The government agrees with the Probation Officer's conclusion that Martin's total offense level is 24 and that his criminal history category is II (PSR ¶¶ 43, 53), based on a base offense level of seven, an increase of 16 levels for the amount of loss, a two-level increase for the use of an unauthorized access device, and a two-level increase for abusing a position of trust, less a 3-level reduction for acceptance of responsibility. PSR ¶¶ 28-43. With an offense level of 24 and a criminal history category of II, the Guidelines range is 57 to 71 months' imprisonment. PSR ¶ 122.

## III. Restitution

Restitution is mandatory in this case. The Court should order Martin to pay a total of $1,875,900.00 in restitution to Southwest Airlines, joint and several with his co-defendant, as agreed in the plea. Dkt. 47 at 9.

## IV. The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Significant Sentence of Imprisonment.

The § 3553(a) factors weigh in favor of a sentence of imprisonment, at the low-end of the guidelines range, as explained below.

### A. Nature and Circumstances of Offense

This was a serious offense. Martin fraudulently obtained over two million dollars in vouchers from his long-time employer, causing significant financial hardship to the business for which he worked. This was more than an isolated poor

decision or lapse of judgment. The defendant engaged in a scheme to defraud over a period of approximately five months against the victim business, who will undoubtedly be forced to increase travel expenses to innocent Southwest customers.

### B. History and Characteristics of the Defendant

While Martin describes his childhood as "rough," he reported no physical, mental or sexual abuse in his household, he graduated from high school, and attended some years in college; he obviously knew better. PSR ¶¶ 71, 76, 96, 97. He not only violated criminal laws, but he also repeatedly violated his fiduciary duty to his employer.

Martin's motivation was simple: he wanted to increase his wealth. His conduct was fueled by greed and an arrogant belief that he would not get caught, increased exponentially over time. In February 2022, Martin reaped about $4,000 from his scheme—nearly doubling his monthly income; but April 2022, just two months later, Martin embezzled over $200,000, exponentially increasing his income. GVO, Exh 3 (pictured below). By May and June 2022, Martin embezzled over $2,000,000. *Id*.

| 2022 | | | | |
|---|---|---|---|---|
| Qtr1 | | | | |
| Jan | $ | 35,600.00 | | |
| Feb | $ | 37,261.00 | | |
| Mar | $ | 96,527.00 | | |
| Qtr2 | | | | |
| Apr | $ | 231,100.00 | | |
| | | | Total Feb 2022- | Less $33,000 x 5 |
| May | $ | 1,141,400.00 | June 2022 | months |
| Jun | $ | 818,361.00 | $ 2,324,649.00 | $ 2,159,649.00 |
| Grand Total | $ | 2,478,670.00 | | |

4

To his credit, Martin appears to exhibit some remorse for his conduct and has accepted responsibility by promptly entering a guilty plea in this case and agreeing to the substantial loss he caused this business to suffer. Coupled with positive employment history, and his lack of violent criminal history, the government believes that a low-end Guidelines sentence is the appropriate sentence here.

### C. The Need for Deterrence

The need to afford adequate deterrence to others is a critical part of the sentence to be imposed in this case. Martin committed a type of crime where general deterrence matters a great deal.

Crimes of this nature can be deterred with punishment that includes meaningful terms of incarceration. Wire frauds such as this one can be difficult to detect because the participants are trusted insiders who have the knowledge to cover their tracks. Moreover, they can be quite lucrative. Thus, it is important that sentences in this and other fraud cases serve to deter individuals from committing these types of crimes. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."). Others who might think about embezzling will think twice if they believe their actions will have serious consequences beyond simple disgorgement

of ill-gotten gains or the payment of fines. Instead, the consequences must include serious sentences of incarceration to effectively deter others.

A sentence at the low-end of the guidelines range in this case would help to deter others from committing fraud, promote respect for the law, and would provide just punishment for Martin. Such a sentence would be a strong message to Martin and other would-be wire fraud defendants that their conduct is serious and will be punished accordingly.

## V. Conclusion

For these reasons, the Court should sentence the defendant to a significant term of imprisonment of at the low-end of the guidelines range.

Dated: November 1, 2024.   Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:   */s/ Elham Moheb*
ELHAM MOHEB
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1412